**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WALTER HAYNES
ADC # 111110                                                                          PLAINTIFFS

and

MICHAEL ST. CLAIR
ADC # 118671

V.                                        5:09-cv-00273-WRW-JJV

LARRY MAY, Deputy Asst. Director,
Arkansas Department of Correction; DAVID
WHITE, Deputy Warden, Maximum Security Unit,
Arkansas Department of Correction; C. WOODS,
Nurse, Maximum Security Unit, Arkansas Department
of Correction; BLEDSOE, Sgt., Maximum Security
Unit, Arkansas Department of Correction; and
MURPHY, Supervisor, Maximum Security
Unit, Arkansas Department of Correction                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a
hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District
Judge in the form of an offer of proof, and a copy, or the original, of any
documentary or other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiffs filed this action, pursuant to 42 U.S.C. § 1983, alleging harm from paint fumes

when their barracks at the Tucker Maximum Security Unit were painted.  Because there is no Eighth

Amendment violation for these conditions, the Court recommends that Plaintiffs' Complaint be

dismissed with prejudice.

**I.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from

a defendant who is immune from such relief.   28 U.S.C.  § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II.    Evaluation of Plaintiffs's Claims

Plaintiffs allege that they were subjected to cruel and unusual punishment in violation of the Eighth Amendment from January 26 through January 29, 2009, when their barracks at the Tucker Max Unit were repainted.  They contend that the paint fumes rendered them dizzy and faint, and caused headaches and "psychological trauma," as well as subjected them to "long-term dangerous side-effects such as 'cancer.'" Plaintiff St. Clair further alleges that he suffered "chest pains" as a result of the paint fumes and that Defendant Bledsoe refused to allow him to go to the infirmary. Although Plaintiff St. Clair did go to the infirmary on January 28, 2009, he alleges he was harmed by medical staff when he was denied a "mask" and told that only correctional officers could have him moved to another barracks.

Plaintiffs also allege that Defendants had "actual knowledge" of the "substantial risk of physical harm" to inmates because the painting was part of a planned "three-year audit" of the unit

that included new paint.  Thus, prison officials should have arranged for ventilation more effective

than a room fan in the barracks.  Plaintiffs seek monetary damages and injunctive relief including

"future preparations for re-locating inmates to adequate environment before painting . . . ."

## III.   Analysis

The United States Court of Appeals for the Eighth Circuit has previously rejected similar

claims are wholly meritless.

> [P]rison conditions can amount to an Eighth Amendment violation where the
> conditions cause injury and are the result of obduracy and wantonness. *Whitley* [*v.
> Albers*, 475 U.S. 312, 319 (1986)].  Disturbing prison conditions that came about by
> inadvertence or error in good faith, however, do not constitute constitutional
> violations, even though the conditions may involve the infliction of discomfort and
> pain. *Id*. Remodeling and upkeep of institutions and buildings, in and out of prison,
> is a fact of life that must be faced by most individuals.

*Givens v. Jones,* 900 F.2d 1229, 1234 (8th Cir.1990).

To state a claim, Plaintiffs must first show that the inadequate ventilation was objectively and

sufficiently serious and resulted in the denial of the minimal civilized measure of life's necessities.

*Williams v. Delo*,49 F.3d 442, 446 (8th Cir. 1995).  However, even if Plaintiff's can successfully

show such harm, they then must show that prison officials knew of and disregarded this excessive

risk to their health or safety.  *Id.*  Here, Plaintiffs' "paint fume claims" cannot be considered

"sufficiently serious."

Plaintiffs have not alleged any long-term existing injury as a result of the paint fumes, rather

only the fear or chance that they might have an increased risk of cancer.  This is an unavoidable and

common occurrence for individuals in and out of prison, and fails to state a claim upon which relief

may be granted.  Under these circumstances, the Court recommends that Plaintiffs' claims be

dismissed  with prejudice for failure to state a claim.

## IV.   Conclusion

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that Plaintiffs's Complaint (Doc. No. 3) be DISMISSED WITH PREJUDICE  and all pending motions be DENIED as moot.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith, and that dismissal of this action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g).

DATED this  14th  day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE